UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARVEY C. MENNE (#348312)

VERSUS                                                CIVIL ACTION

LOUISIANA DEPARTMENT OF                               NUMBER 11-93-FJP-SCR
CORRECTIONS, ET AL

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 18, 2011.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARVEY C. MENNE (#348312)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF                         NUMBER 11-93-FJP-SCR
CORRECTIONS, ET AL

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Harvey C. Menne, an inmate confined in Dixon Correctional Institute, Jackson, Louisiana, for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleged that he was denied procedural due process during a parole revocation hearing which resulted in the revocation of his parole and return to the custody of the Louisiana Department of Public Safety and Corrections. Petitioner seeks credit for time served while on parole, release from custody, a first offender pardon, monetary damages, mandamus relief, and injunctive relief in the form of a restraining order.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10

(5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982),*cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A district court may notice on its own motion a petitioner's failure to exhaust state remedies. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc). A review of the petitioner's application and the exhibits filed in support of it showed that the petitioner did not present his claims to any state court.[1]

Petitioner sought administrative relief through the Louisiana Department of Public Safety and Corrections. Relief, in the form of release from custody, was denied because the Administrative Remedy Procedure is not applicable to decisions of the Parole Board and because the petitioner's new release date had been properly calculated.[2] Petitioner did not pursue judicial review of that determination.[3] Petitioner did not allege that he asserted his claims in any state court post-conviction relief application or otherwise sought relief in any state court.[4]

---

[1] Record document number 1, Application For Writ of Habeas Corpus, p. 7, ¶ C.

[2] *See, Id.*; record document number 1-1, First Step Response Form.

[3] Record document number 1, Application For Writ of Habeas Corpus, p. 7, ¶ C.

[4] Exhaustion of state court remedies requires the petitioner
(continued...)

It is clear from the record that the petitioner has failed to exhaust available state remedies. Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

Plaintiff's claim challenging his parole revocation must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that his parole was improperly revoked, he has no damages claim against the defendants cognizable under § 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an

---

[4](...continued)
to first present his claims to the appropriate state trial court. Then, after the state trial court renders its decision, the petitioner must present his claims to the appropriate state appellate court, and then to the Louisiana Supreme Court. Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*. The Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the Supreme Court would entertain, *see Richardson*, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's damage claim seeks monetary damages for the unlawful detention resulting from his parole revocation and directly calls into question the lawfulness of his confinement. Plaintiff failed to show that he has successfully challenged his confinement in any other proceeding. Plaintiff offered no proof that his parole revocation has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Finally, the petitioner sought a writ of mandamus. The United States District Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff. 28 U.S.C. § 1361.

4

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, March 18, 2011.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE